01

02

03

04

05

06

07

08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09 STEVEN E. SCHMIDT,                     )    CASE NO. C05-405-MJP-MAT
                                           )
10        Plaintiff,                       )
                                           )
11     v.                                  )    REPORT AND RECOMMENDATION
                                           )    RE: SOCIAL SECURITY
12 JO ANNE B. BARNHART, Commissioner       )    DISABILITY APPEAL
   of Social Security,                     )
13                                         )
          Defendant.                       )
14 _____ )

15        Plaintiff Steven E. Schmidt proceeds through counsel in his appeal of a final decision of

16 the Commissioner of the Social Security Administration (Commissioner).  The Commissioner

17 denied plaintiff's application for Supplemental Security Income (SSI) and Disability Insurance (DI)

18 benefits after a hearing before an Administrative Law Judge (ALJ).

19        Having considered the ALJ's decision, the administrative record (AR), and all memoranda

20 of record, it is recommended that this matter be REMANDED for further administrative

21 proceedings.

22                      **FACTS AND PROCEDURAL HISTORY**

23        Plaintiff was born on XXXX, 1963.[1]  He completed high school and has worked as a lawn

24

25        [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the
26 General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the
   official policy on privacy adopted by the Judicial Conference of the United States.

01  maintenance worker, day laborer, and lineman for a cable company.

02       Plaintiff filed an application for DI and SSI benefits in October 2001, alleging a disability
03  onset date of April 21, 2001 due to rib injuries and anxiety.  Plaintiff's application was denied
04  initially and on reconsideration, and he timely requested a hearing.

05       ALJ John F. Bauer held a hearing on February 24, 2004. (AR 352-92.)  The ALJ heard
06  testimony from plaintiff, medical expert Richard Johnson, M.D., and vocational expert Robert
07  Fraser.  On May 24, 2004, ALJ Bauer issued a decision denying plaintiff's application for SSI and
08  DI benefits.  (AR 16-23.)

09       Plaintiff appealed the ALJ's decision to the Appeals Council, which declined to review
10  plaintiff's claim.  (AR 5-7.)  Plaintiff appealed this final decision of the Commissioner to this
11  Court.

**JURISDICTION**

13       The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

15       The Commissioner follows a five-step sequential evaluation process for determining
16  whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must
17  be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not
18  engaged in substantial gainful activity since April 21, 2001.  At step two, it must be determined
19  whether a claimant suffers from a severe impairment.  The ALJ found severe plaintiff's residuals
20  from a stabbing to his back, post-traumatic stress disorder (PTSD), and substance addiction
21  disorder.  Step three asks whether a claimant's impairments meet or equal a listed impairment.
22  The ALJ found plaintiff's substance addiction disorder to meet the criteria of listing 12.09, but
23  concluded that, absent substance abuse, plaintiff's substance addiction impairment did not meet
24  or equal any listing.[2]  If a claimant's impairments do not meet or equal a listing, the Commissioner

25  _____

26      [2] An individual is not considered to be disabled if alcoholism or drug addiction would be
a contributing factor material to a determination that the individual is disabled.  42 U.S.C. §§

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

01  must assess residual functional capacity (RFC) and determine at step four whether the claimant

02  has demonstrated an inability to perform past relevant work.  The ALJ found that plaintiff could

03  not perform his past relevant work.  If a claimant demonstrates an inability to perform past

04  relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant

05  retains the capacity to make an adjustment to work that exists in significant levels in the national

06  economy.  The ALJ found that, absent substance abuse, plaintiff could perform light work

07  involving simple, routine tasks, and limited contact with the public and co-workers, including work

08  as a janitor.

09       This Court's review of the ALJ's decision is limited to whether the decision is in

10  accordance with the law and the findings supported by substantial evidence in the record as a

11  whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

12  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

13  mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750

14  (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

15  decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

16  2002).

17       In this case, plaintiff argues that the ALJ erred in failing to provide any reason for

18  disregarding the opinions of his treating physician, Christine Yuodelis-Flores, M.D., and in

19  ignoring the statements from other sources, including Keith Johannes, MSW, Duane Darlington,

20  MHP, and Erma McNare, plaintiff's girlfriend.  Plaintiff further argues that the ALJ erred in

21  rejecting his testimony, in determining his RFC, and in failing to give a complete hypothetical to

22

23  423(d)(2)(C), 1382c(a)(3)(J).  Implementing regulations specify that alcoholism or drug addiction

24  is a contributing factor material to a disability determination if an individual would not be disabled
    if he stopped using alcohol or drugs. *See* 20 C.F.R. §§ 404.1535(b), 416.925(b).  As with each

25  of the first four steps of the disability evaluation process, the claimant bears the burden of showing
    that his or her drug or alcohol addiction is not a contributing factor material to his or her disability.

26  *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01 | the vocational expert.  He requests remand for an award of benefits or, alternatively, for further

02 | administrative proceedings.  The Commissioner asserts that the ALJ's decision is supported by

03 | substantial evidence and should be affirmed.  For the reasons described below, the undersigned

04 | concludes that this matter should be remanded for further administrative proceedings.

05 | <u>Treating Physician's Opinions</u>

06 | In general, more weight should be given to the opinion of a treating physician than to a

07 | non-treating physician, and more weight to the opinion of an examining physician than to a non-

08 | examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted

09 | by another physician, a treating or examining physician's opinion may be rejected only for "'clear

10 | and convincing'" reasons.  *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).

11 | Where contradicted, a treating or examining physician's opinion may not be rejected without

12 | "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."

13 | *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  *See also Smolen*

14 | *v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (opinions of specialists given more weight than

15 | non-specialists).  Where the opinion of the treating physician is contradicted, and the non-treating

16 | physician's opinion is based on independent clinical findings that differ from those of the treating

17 | physician, the opinion of the non-treating physician may itself constitute substantial evidence.  *See*

18 | *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  It is the sole province of the ALJ to

19 | resolve this conflict.  *Id.*

20 | In this case, plaintiff argues that the ALJ improperly rejected the opinions of treating

21 | physician Dr. Yuodelis-Flores.  Dr. Yuodelis-Flores completed psychiatric evaluations of plaintiff

22 | on July 23, 2001 and October 11, 2001.  (AR 179-82, 300-03.)  In the July 2001 evaluation, Dr.

23 | Yuodelis-Flores diagnosed plaintiff with PTSD following his being stabbed some six months prior.

24 | (AR 300-01.)  She later diagnosed plaintiff with cannabis and alcohol abuse, in addition to PTSD.

25 | (AR 180.)  In both evaluations, Dr. Yuodelis-Flores found severe and marked limitations.  (AR

26 | 181, 302.)  Plaintiff asserts that the ALJ failed to provide any reasons for disregarding the opinions

01  of Dr. Yuodelis-Flores and, in fact, does not mention either Dr. Yuodelis-Flores or her findings

02  in the decision.

03       The Commissioner contends that the ALJ accepted the opinions of Dr. Yuodelis-Flores.

04  She notes several citations to Dr. Yuodelis-Flores' opinions in support of the ALJ's finding that

05  plaintiff's functional limitations were exacerbated by substance abuse. (*See* AR 18-19.) In this

06  respect, plaintiff argues that the Commissioner distorts and misrepresents the opinions of Dr.

07  Yuodelis-Flores. She notes evidence that Dr. Yuodelis-Flores did not find plaintiff limited only

08  with regard to his substance abuse.

09       As indicated by plaintiff, the ALJ's decision does not mention Dr. Yuodelis-Flores by

10  name. Nor does it mention the various limitations identified by this treating physician. On the

11  other hand, the Commissioner accurately notes citation to Dr. Yuodelis-Flores' October 2001

12  evaluation in support of plaintiff's PTSD diagnosis, as well as citation to notes from Dr. Yuodelis-

13  Flores:

14       The record includes a diagnosis of [PTSD] related to the stabbing (Ex. 2F). He
         initially reported nightmares, hypervigilance, anxiety, depression and fear of assailants
15       and strangers. The record shows that the claimant was started on medication therapy
         with some improvement. However, several times the claimant failed to follow-
16       through with treatment, medication and appointments. During this time he continued
         his substance abuse (Exs. 3F-4F.)

17
         During this period of time, the claimant was seen at Harborview after getting into a
18       fight in October 2001 (Ex. 4F, p. 6). He had been drinking and admitted use of
         marijuana. He did not see either as a problem and refused consideration of a
19       treatment program.

20       By January 2002, the claimant was sleeping outside in the university district. He was
         using marijuana and alcohol and had recently had his medications "stolen". He
21       complained of increased irritability and depression (Id., p. 5.)

22       Around this time, the claimant was arrested for domestic violence. (Id., p. 2). It
         appears the claimant also violated a no-contact order. The claimant testified that he
23       was incarcerated for ten months beginning February 2002.

24       The claimant sought mental health treatment in April 2003 after his incarceration (Ex.
         13F). He complained of depression and began treatment. As reported by the claimant
25       at the hearing, he continued to drink and smoke marijuana during this time.

26       The record provides that the claimant eventually underwent a substance abuse

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

01       treatment starting in approximately September 2003 (<u>See</u>, Ex. 14F, p. 5 re 6-months

02       sober).  This agrees with the claimant's testimony.  The treatment notes reflect improvement in his mood with symptoms of anxiety and continuation of medication

03       and abstinence from substance abuse. (Exs. 14F-16F).

04  (AR 18 (Exhibit 2F (AR 179-82) refers to the October 2001 evaluation from Dr. Yuodelis-Flores

05  and Exhibit 4F (AR 222-37) refers to treatment notes from Dr. Yuodelis-Flores dated September

06  2000 through April 2002.))  The ALJ thereafter found plaintiff met the listing for substance

07  addiction disorder, with several marked limitations, but that, following his remission, did not

08  experience PTSD-related problems at the listing level and had only slight to moderate limitations.

09  (AR 19.)

10       In her July 2001 evaluation, Dr. Yuodelis-Flores indicated that it was "unknown" whether

11  alcohol and drug treatment would be likely to decrease the severity of plaintiff's condition, and

12  "unknown" as to the likely effect of sixty days of abstinence.  (AR 301.)  She noted that "[a]lcohol

13  withdrawal would worsen anxiety" and that cognitive limitations, including a severe limitation in

14  plaintiff's ability to perform routine tasks, were *not* mostly likely the result of alcohol abuse.  (AR

15  302.)  However, Dr. Yuodelis-Flores also then estimated plaintiff's limitations to last for a

16  maximum of six months.  (AR 303.)   *See* 20 C.F.R. § 404.1509 ("Unless your impairment is

17  expected to result in death, it must have lasted or must be expected to last for a continuous period

18  of at least 12 months.")

19       In her October 2001 evaluation, Dr. Yuodelis-Flores stated that plaintiff's "PTSD is

20  independent of substance abuse," that alcohol or drug treatment would be likely to decrease the

21  severity of plaintiff's condition, that the effect of sixty days of abstinence would be "unknown,

22  probably improvement," and that alcohol or drug abuse "worsens depression/anxiety."  (AR 180-

23  81.)  She also again indicated that plaintiff's cognitive limitations, including a marked limitation

24  in his ability to perform routine tasks, were *not* most likely the result of alcohol abuse.  (AR 181.)

25  In this evaluation, Dr. Yuodelis-Flores noted a "marked decrease" in plaintiff's alcohol and

26  marijuana use, and estimated plaintiff's length of impairment to last a minimum of twelve months

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01   and a maximum of over two years.  (AR 182.)

02        Given the above, it does not appear that the ALJ accepted the opinions of Dr. Yuodelis-

03   Flores in their entirety.  Instead, the ALJ appeared to construe the treatment notes of Dr.

04   Yuodelis-Flores to support his contention that plaintiff's substance abuse was a contributing factor

05   material to a determination of disability.  However, because her evaluations may, in fact, support

06   the opposite conclusion, the ALJ should have directly addressed her opinions and provided

07   adequate reasons for rejecting the opinions to the extent they differed with the ALJ's conclusions.

08   The omission of any direct discussion of the opinions of Dr. Yuodelis-Flores is particularly

09   inappropriate given her status as a treating physician.  Accordingly, the ALJ should address the

10   opinions of Dr. Yuodelis-Flores on remand.

11                                  Opinions of Other Sources

12        The ALJ may accord the opinions of "other sources," such as nurse practitioners, less

13   weight than opinions from "acceptable medical sources," such as physicians and licensed

14   psychologists.  *See Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996) (citing 20 C.F.R. §§

15   404.1513, 416.913, 404.1527 and 416.927)).  The opinions of other sources are given the weight

16   of lay evidence.  The Ninth Circuit has held that "lay testimony as to a claimant's symptoms is

17   competent evidence that an ALJ must take into account, unless he or she expressly determines to

18   disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*,

19   236 F.3d 503, 511 (9th Cir. 2001).

20        As noted above, plaintiff asserts that the ALJ improperly ignored statements from other

21   sources, including Keith Johannes, MSW, Duane Darlington, MHP, and Erma McNare, plaintiff's

22   girlfriend.  The Commissioner argues that the ALJ properly considered the opinions of these

23   individuals, noting, *inter alia*, the ALJ's statement that he gave "careful consideration to all the

24   evidence." (AR 17.)  The Commissioner asserts that the ALJ accepted Johannes' opinion and

25   found marked limitations with the effects of substance abuse.  (*See* AR 19, 296, 298.)  She notes

26   the ALJ's citation to Exhibit 13, which contained the evaluations of Johannes and Dr. Yuodelis-

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

01  Flores, and asserts that these evaluations were consistent.   The Commissioner describes the

02  opinions of Darlington and McNare as reflective of time periods in which plaintiff abused

03  marijuana and alcohol on a daily basis.  (*See* AR 273-76 and 107-11 respectively.)  She further

04  asserts that, because of their similarity to the opinions of Dr. Yuodelis-Flores, it was not necessary

05  for the ALJ to discuss the opinions of Darlington and McNare.

06          As with Dr. Yuodelis-Flores, the ALJ's decision contains no reference to Johannes,

07  Darlington, or McNare.[3]  It is similarly not at all clear that the ALJ accepted the opinions of these

08  individuals.  For example, the evaluation from Johannes, like that of Dr. Yuodelis-Flores, appears

09  to conflict, at least in part, with the ALJ's conclusion that plaintiff's impairments were disabling

10  only with consideration of his substance abuse.  (*See* AR 297-98 (Johannes' May 2003 evaluation

11  states: "Client continued to present with symptoms of depression while incarcerated. Symptoms

12  of depression continued during 6 months of abstinence.";  "Abstinence would present a 'cleaner'

13  picture of clients depression [sic] and result in more effective treatment.";  and "Drug/alcohol use

14  may exacerbate or mirror symptoms of anxiety and depression. Drug/alcohol use severely impairs

15  effectiveness of treatment.";  the evaluation also indicates that plaintiff's limitations, including a

16  marked limitation in his ability to perform routine tasks, do *not* most likely result from alcohol or

17  drug abuse.))  Moreover, although the Commissioner may accurately note that the opinions of

18  Darlington and McNare reflect a time period in which plaintiff was engaged in substance abuse,

19  the ALJ's decision fails to make this point.  *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir.

20  2003) (district court cannot rely on evidence the ALJ did not discuss).

21          Additionally, the Commissioner's reliance on case law cited appears misplaced.  The

22  Commissioner cites to *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395-96 (9th Cir. 1984),

23  for the proposition that the ALJ may properly exclude lay evidence conflicting with the available

24  medical evidence, and must explain why "significant probative evidence has been rejected[,]"

25  _____

26          [3] The ALJ's sole citation to Exhibit 13 merely supports the statement that plaintiff sought
mental health treatment in April 2003 following his incarceration.  (*See* AR 18.)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -8

01  rather than discuss all of the evidence.  Yet, as noted in *Van Nguyen v. Chater*, 100 F.3d 1462,

02  1467 (9th Cir. 1996), the lay witnesses in *Vincent* offered diagnoses, which was not considered

03  competent evidence, whereas lay testimony as to symptoms and how they affect an individual's

04  ability to work is competent evidence and may not be disregarded without comment.  The decision

05  in *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975), which the ALJ cites in support of the

06  contention that lay opinions similar to accepted medical opinions need not be addressed, does not

07  involve or address the consideration to be given lay opinions.  Moreover, the Commissioner's

08  attempt to factually distinguish various cases concerning the treatment of lay witness testimony

09  does not alter the requirement that lay testimony be taken into account unless the ALJ "expressly

10  determines to disregard such testimony and gives reasons germane to each witness for doing so."

11  *Lewis*, 236 F.3d  511.

12      Here, to the extent the ALJ rejected the lay witness testimony, even in part, he failed to

13  provide specific germane reasons for doing so.  As such, the ALJ should address the opinions of

14  Johannes, Darlington, and McNare on remand.

## Credibility Assessment

16      Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

17  reject a claimant's testimony.  *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *see*

18  *also Thomas v. Barnhart* , 278 F.3d 947, 958-59 (9th Cir. 2002).  In finding a social security

19  claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently

20  specific findings, supported by substantial evidence. "General findings are insufficient; rather, the

21  ALJ must identify what testimony is not credible and what evidence undermines the claimant's

22  complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  "In weighing a claimant's

23  credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his

24  testimony or between his testimony and his conduct, his daily activities, his work record, and

25  testimony from physicians and third parties concerning the nature, severity, and effect of the

26  symptoms of which he complains." *Light v. Social Sec. Admin.* , 119 F.3d 789, 792 (9th Cir.

01   1997).

02       In considering plaintiff's credibility, the ALJ found as follows:

03   The claimant's statements concerning his impairments and their impact on his ability
  to work are not entirely credible.

04

05   While I do not doubt that the claimant has both physical and mental residuals from the
  stabbing, I do not find him credible regarding his inability to perform work activity.
06   The claimant seems to primarily assert that he is unable to work due to his inability
  to be around "black" people. He reports that it was a black man that stabbed him.
07   The claimant, however, has been able to live on the street prior to his recent remission
  from substance abuse. He also was incarcerated for several months during the time
08   at issue. He actively seeks medical care and treatment. All of these events and
  activities would undoubtedly include the presence of and contact with people of
09   varying ethnic origin, including "black" people. Furthermore, I see very little
  assertions of this particular problem in the record.

10   For these reasons, I do not find the claimant entirely credible.

11 (AR 20.)

12       Plaintiff notes that the situations relied on by the ALJ in support of the contention that he

13 necessarily encountered and interacted with African American people were all forced upon him,

14 including homelessness, incarceration, and medical care. He points to his testimony as to the

15 difficulties he has as a result of interactions with African American people, including his inability

16 to stay in shelters while he was homeless as a result of this fear. (AR 370-72.) Plaintiff also

17 rejects the ALJ's determination that there was little support for this fear in the record, pointing to

18 references in treatment notes and McNare's statement. ( *See*, *e.g.*, AR 274 (intake form by

19 Darlington noting plaintiff refused to stay in shelter and stating he "reports dislike of African-

20 Americans.") and 107-11 (McNare stated plaintiff had "high anxiety/fear of [black] people [due]

21 to stabbing.") Plaintiff also notes the testimony of the medical expert, Dr. Richard Johnson, that

22 his unreasonable fear of African-American people is an expected symptom of his trauma. (AR

23 388.)

24       The Commissioner argues that the ALJ gave clear and convincing reasons to partially

25 reject plaintiff's testimony as to a total disability from all work. Some of the arguments provided,

26 such as the inconsistency between plaintiff's assertions as to a "dislike of" and anxiety around

01  African-Americans, were not asserted by the ALJ and, as such, may not be relied upon by this

02  Court. *See Connett*, 340 F.3d at 874.  Nonetheless, while arguably underestimating the evidence

03  of plaintiff's purported fear, the ALJ's credibility assessment was sufficient.  The ALJ

04  appropriately points to evidence contradicting plaintiff's asserted inability to be around African-

05  American individuals.  The undersigned finds this a  rational interpretation of the evidence.  *See*

06  *Thomas*, 278 F.3d at 954.  Additionally, as noted by the Commissioner, the ALJ did include a

07  limitation on plaintiff's contact with the public and co-workers in the RFC.  (AR 20.)  For these

08  reasons, the ALJ's credibility assessment does not require further consideration.

09                     <u>RFC Assessment and Hypothetical to Vocational Expert</u>

10          Plaintiff argues that the ALJ's RFC assessment and the hypothetical proffered to the

11  vocational expert fail to take into consideration the limitations identified by Dr. Yuodelis-Flores,

12  the opinions of Johannes, Darlington, and McNare, as well as plaintiff's own testimony.  The

13  Commissioner asserts that the ALJ appropriately included all limitations supported by the evidence

14  in assessing plaintiff's RFC and in proffering a hypothetical to the vocational expert, and properly

15  relied on the opinions of Dr. Yuodelis-Flores in performing these functions.

16          The ALJ found plaintiff capable of performing "at least light exertion work activity."  (AR

17  20.)  In so doing, he pointed specifically to the opinion of plaintiff's treating physician, Dr. Matt

18  Martin, who indicated a light limitation, to last for an estimated four months, following plaintiff's

19  treatment for the stabbing.  (AR 20, 304-05.)  The ALJ further found plaintiff's capacity for light

20  work "diminished by significant non-exertional limitations[,]" and limited him to "simple and

21  routine tasks" with "limited contact with the public and with co-workers."  (AR 20.)  The

22  hypothetical proffered to the vocational expert reflected this RFC.  (AR 21, 390-91.)

23          The ALJ's failure to properly assess the opinions of both Dr. Yuodelis-Flores and the lay

24  witnesses necessarily implicates the RFC assessment and hypothetical to the vocational expert.

25  That is, until the ALJ provides sufficient reasons for rejecting the aspects of these opinions which

26  conflict with his conclusions, it cannot be said that the RFC assessment and hypothetical accurately

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -11

01 reflect plaintiff's limitations.  Therefore, the ALJ should reassess plaintiff's RFC and modify the

02 hypothetical to the vocational expert, as necessary, upon remand.

03 <u>Remanding for Further Proceedings or for an Award of Benefits</u>

04 The Court has discretion to remand for further proceedings or to award benefits.  *See*

05 *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  The Court may direct an award of benefits

06 where "the record has been fully developed and further administrative proceedings would serve

07 no useful purpose."  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

08 Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient
reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that
09 must be resolved before a determination of disability can be made; and (3) it is clear
from the record that the ALJ would be required to find the claimant disabled if he
10 considered the claimant's evidence.

11 *Id.* at 1076-77.

12 In this case, it is not clear the ALJ would be required to find plaintiff disabled based on the

13 record.  As such, this matter should be remanded for further administrative proceedings.

14 **<u>CONCLUSION</u>**

15 For the reasons described above, this matter should be remanded for further administrative

16 proceedings.  A proposed Order accompanies this Report and Recommendation.

17 DATED this  26th  day of August, 2005.

18
19
Mary Alice Theiler
20 United States Magistrate Judge
21
22
23
24
25
26

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -12